**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4260**

UNITED STATES OF AMERICA,

              Plaintiff – Appellee,

      v.

PERREN LAMONTE LANE,

              Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  James A. Beaty, Jr., Chief District Judge.  (1:07-cr-00427-JAB-1)

Submitted:  October 20, 2009      Decided:  November 12, 2009

Before MICHAEL and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Gregory Davis, Senior Litigator, Winston-Salem, North Carolina, for Appellant. Lisa Blue Boggs, Angela Hewlett Miller, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Perren Lamonte Lane pled guilty pursuant to a plea agreement to possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) (2006), and was sentenced to 262 months in prison. Counsel has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), stating that after a review of the record, he has found no meritorious issues for appeal. The Anders brief nonetheless argues that the 100-to-one crack to powder cocaine sentencing disparity is unconstitutional and that Congress's failure to eliminate that ratio evinces purposeful discrimination. Lane has not filed a pro se supplemental brief despite receiving notice that he may do so, and the Government declined to file a responsive brief. Finding no error, we affirm.

In the absence of a motion to withdraw a guilty plea, we review the adequacy of the guilty plea pursuant to Fed. R. Crim. P. 11 for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). A review of Lane's Rule 11 hearing reveals that the district court complied with Rule 11's requirements. Lane's plea was knowingly, voluntarily, and intelligently made, with full knowledge of the consequences attendant to his guilty plea. We therefore find that no plain error occurred and affirm Lane's conviction.

We also affirm Lane's sentence. Lane's presentence investigation report properly placed him in a category VI criminal history and attributed him with a total offense level of thirty-four, yielding a Guidelines range of 262-327 months. Moreover, at sentencing, the district court appropriately heard counsel's argument regarding the weight that should be afforded the 18 U.S.C. § 3553(a) (2006) factors, allowed Lane an opportunity to allocute, and thoroughly considered the § 3553(a) factors before imposing Lane's sentence. We find that the district court adequately explained its rationale for imposing Lane's sentence, the sentence was "selected pursuant to a reasoned process in accordance with law," and the reasons relied upon by the district court are plausible and justify the sentence imposed. See United States v. Pauley, 511 F.3d 468, 473-76 (4th Cir. 2007); see also United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (recognizing that the district court must "place on the record an individualized assessment based on the particular facts of the case before it" and that the "individualized assessment . . . must provide a rationale tailored to the particular case at hand and [be] adequate to permit meaningful appellate review").

Lane's challenge to the constitutionality of the crack-to-powder cocaine sentencing disparity is without merit. This court has repeatedly rejected claims that the sentencing

disparity between powder cocaine and crack offenses violates either equal protection or due process. See United States v. Perkins, 108 F.3d 512, 518 (4th Cir. 1997); United States v. Burgos, 94 F.3d 849, 876-77 (4th Cir. 1996); United States v. Fisher, 58 F.3d 96, 99-100 (4th Cir. 1995). To the extent that Lane seeks to have this court reconsider these decisions, a panel of this court cannot overrule the decision of a prior panel. United States v. Collins, 415 F.3d 304, 311 (4th Cir. 2005).

Furthermore, the 2007 amendments to the Sentencing Guidelines have no effect on the constitutionality or applicability of the statutory mandatory minimum sentences for crack offenses. Although Lane refers to the Supreme Court's decision in Kimbrough v. United States, 552 U.S. 85, __, 128 S. Ct. 558, 575 (2007), to bolster his equal protection argument, this reference is misplaced; Kimbrough's holding that district courts may consider the crack/cocaine sentencing ratio as a possible basis for variance from the Guidelines is unrelated to the constitutionality of the sentencing disparity. In fact, the Supreme Court explicitly held in Kimbrough that even after the 2007 amendments, "sentencing courts remain bound by the mandatory minimum sentences prescribed [by statute]." Id. at 573. We thus affirm Lane's within-Guidelines sentence. See United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007)

4

(recognizing that this court applies an appellate presumption of reasonableness to a within-Guidelines sentence).

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Lane's conviction and sentence. This court requires that counsel inform Lane, in writing, of the right to petition the Supreme Court of the United States for further review. If Lane requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lane. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>